IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL CORBETT,

                    Plaintiff,                  Case No. 3:06 CV 7105

        -vs-

                                          <u>MEMORANDUM   OPINION</u>

COUNTY OF LUCAS, OHIO, et al.,

                    Defendant.

KATZ, J.

This matter is before the Court on the plaintiff's amended motion for summary judgment (Doc. 27) and related filings.  For the reasons discussed herein, such motion is denied.

**I. Background**

Plaintiff Michael Corbett  moves for summary judgment in this action filed pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, to recover damages for the alleged failure of Defendants Lucas County and the Lucas County Sheriff's Department to compensate him for hours worked in connection with his employment.  Plaintiff was employed by Defendants as a deputy sheriff in the Lucas County Sheriff's Office in the canine unit from December 15, 1986 until November 30, 2005.  During all relevant times, Plaintiff was supervised by Sheriff Telb.

Plaintiff alleges he spent approximately 42.5 uncompensated hours per week training and caring for police dogs in his care.  Def.'s Mot. Opp. S. J., Doc. 29 at 7. Plaintiff was paid for a regular 40-hour work week as well as requested overtime.  *Id.* at 8. From 2003-2005, Plaintiff was paid for nearly 2300 hours of overtime work.  At no time did Plaintiff request overtime pay

for the disputed work hours on the standard form.  *Id.*  Beginning in 2005, Plaintiff noted some of the hours now in dispute on a form that was used to submit pay requests for a 40-hour work week only. *Id.* at 10.  Plaintiff recorded these hours on a line separate from his normal request for pay which was labeled "No O.T.R. Slip."  *Id.*  Plaintiff was not paid for these hours and there is no indication he ever inquired about why he went uncompensated. Doc. 29 at 10-11.

## II. Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.* at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, Rule 56(e) "requires the nonmoving

2

party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party."  *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."

*Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## III. Discussion

### A. FLSA Statute of Limitations

The FLSA provides for a two-year statute of limitations, except in cases where a willful violation exists. 29 U.S.C. § 255 provides in pertinent part:

> (a) if the cause of action accrues on or after the date of the enactment of this Act may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

"Willful," as used in § 255, is defined as conduct occurring when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [§ 255]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (internal citations omitted). *See also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966-967 (6th Cir. 1991).

In this case, genuine issues of material fact exist regarding whether Defendants' alleged conduct was willful.  Examining the facts in the light most favorable to Defendants, as the Court must,  it is not clear whether the Sheriff's Department knew Plaintiff was working compensable hours for which he was not being paid or showed reckless disregard in not making that conclusion based on the available information.

The disputed work hours were either not submitted by Plaintiff to the Defendants, or beginning in 2005, the hours were recorded on a non-standard form and were not clearly identified.  Doc. 29 at 8.  Significantly, Plaintiff was never denied overtime when it was properly requested.  In fact, from 2003-2005, Plaintiff was paid for nearly 2300 hours of overtime work. *Id.*

Plaintiff alleges that a conversation he had with Sheriff Telb caused him to believe requesting such overtime would result in the K-9 Unit being disbanded.  Doc. 9 at 4.  Whether this

4

conversation actually occurred is disputed by the parties.  *Id.*  In a motion for summary judgment, this Court relies upon non-movant Defendant's contention that this conversation did not occur.

Beginning in 2005, Plaintiff noted some of the hours now in dispute on a non-standard form that was not used to record time by any other employee in the Lucas County Sheriff's Department.  Doc. 29 at 10.  The purpose of the form was to submit pay requests for a 40-hour work week only.  *Id.*  Plaintiff recorded these hours on a line separate from his normal request for pay which was labeled "No O.T.R. Slip."  *Id.*

Plaintiff was not paid for these hours, which he never clearly identified on the sheet of paper as compensable overtime hours, and there is no indication Plaintiff ever inquired with the Sheriff's Department regarding why these hours were not included in his paycheck.  Even while noting certain hours on these forms, Plaintiff was simultaneously properly submitting "yellow slips," which the sheriff's department regularly used for requests for overtime pay.  Doc. 29 at 11.  Plaintiff was compensated for 722.75 hours of overtime in 2005.  Doc. 29 at 8.  Because Plaintiff knew how to submit for overtime pay and was simultaneously doing so, there is a significant question as to whether Sheriff Telb was reckless in assuming the hours noted on Plaintiff's regular pay slip were overtime that was not already being compensated through the department's standard procedure.

Plaintiff contends that Major Keel had an affirmative duty to inquire about the hours listed on the timesheet under "No OTR," and that Keel was reckless in disregarding the recorded hours and had knowledge it was necessary for Plaintiff to care for the dogs outside of his regular work hours.  Doc. 30 at 3.  Plaintiff also contends that Defendants knew these hours were compensable and that the department was not appropriately compensating Plaintiff for his work.  *Id.*  However,

5

given Plaintiff's previous success in obtaining overtime pay via the department's standard procedure, there are genuine questions as to whether allegations that Defendant ignored Plaintiff's unidentified hours written on an incorrect form is considered reckless disregard rather than merely failing to perceive a risk that he might not be getting properly paid.

While a trier of fact could conceivably find merit in this argument upon consideration of the credibility of all witnesses, summary judgment is not appropriate in this instance. Considering the facts in the light most favorable to Defendants, it is clear significant questions exist regarding whether Defendant's alleged behavior was willful.  If the behavior was not willful, then the statute of limitations allows this Court to consider only causes of action accruing within two years of the date of filing.  Accordingly, this motion for summary judgment is hereby denied with regard to claims accruing between two and three years of the date of filing.

### B. Defendants' Alleged Failure to Compensate Plaintiffs for Hours Worked

Overtime pay is governed by the FLSA. 29 U.S.C. § 207 states in pertinent part:

> (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions.
>
> > (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Genuine issues of material fact exist regarding whether Plaintiff actually worked hours beyond those for which he was compensated.  Viewing the facts in the light most favorable to

6

Defendants, Plaintiff has failed to explain why he did not include the disputed hours on his regular requests for overtime.

Plaintiff did not file a request for overtime for any of the hours for which he is now claiming he is owed compensation, despite properly filing for overtime pay throughout his career. In 2004 and 2005, Plaintiff was paid for 981 hours and 722.75 hours of overtime, respectively. Doc. 29 at 8.  Plaintiff gives no clear explanation for why he chose to include some, but not all, of the overtime hours he allegedly worked on these overtime forms.  This is a material fact which is pivotal to establishing Plaintiff's cause of action.

Additionally, the sheer number of hours Plaintiff alleges to have worked casts a shadow of doubt on these allegations.  Plaintiff contends he was uncompensated for 45 hours of work per week.  Doc. 29 at 9.  Once these hours are added to Plaintiff's normal 40-hour work week and his already compensated overtime (which divided equally over one year averages nearly 14 hours per week), Plaintiff is alleging to have worked nearly 14 hours per day seven days per week for a period of several years.  Doc. 29 at 9-10.

A trier of fact could reasonably find that Plaintiff has not proved he actually worked the number of hours he claims.  It would be informative to properly consider the credibility of the witnesses, for instance.  Genuine disputes exist regarding why Plaintiff did not record these uncompensated work hours on his regularly submitted overtime requests or inquire as to why hours recorded on his weekly salary timesheets were not paid. Additionally, there is some question as to whether the number of hours Plaintiff alleges to have worked is credible in light of the circumstances, another factor which calls into question whether Plaintiff actually worked the hours in dispute.

7

**IV. Conclusion**

Because genuine issues of material fact exist regarding the proper statute of limitations for this FLSA claim and the merits of the dispute itself, Plaintiff's motion for summary judgment is hereby denied (Doc. 27).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

8